IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| INDIGENOUS PEOPLES OF THE COASTAL BEND; KARANKAWA KADLA TRIBE OF THE TEXAS GULF COAST; and INGLESIDE ON THE BAY COASTAL WATCH ASSOCIATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; LIEUTENANT GENERAL SCOTT A. SPELLMON in his official capacity; BRIGADIER GENERAL CHRISTOPHER G. BECK in his official capacity; and COLONEL TIMOTHY R. VAIL in his official capacity,<br><br>    Defendants. | Case No. 2:21-CV-00161 |

## FEDERAL DEFENDANTS' ANSWER

Defendants in Case No. 2:21-cv-161, the United States Army Corps of Engineers ("Corps"); Lieutenant General Scott A. Spellmon, in his official capacity as Chief of Engineers and Commanding General for the Corps; Brigadier General Christopher G. Beck in his official capacity as Commander of the Southwestern Division of the Corps; and Colonel Timothy R. Vail in his official capacity as Commander of the Galveston District of the Corps (collectively, "Federal Defendants"), submit the following Answer to Plaintiffs' Complaint.

For convenience in matching the responses provided here with the allegations made in the Complaint, this Answer reproduces certain of the headings in Plaintiffs' Complaint. These reproductions are included solely for the purpose of convenience and are not part of Federal Defendants' answer to the allegations. To the extent any Complaint heading expressly or

implicitly includes substantive legal or factual allegations, Federal Defendants deny those allegations. Federal Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings or allegations are accurate, appropriate, or substantiated. When a textual sentence in the Complaint is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence in this Answer.

Federal Defendants deny each and every allegation of the Complaint not specifically admitted in their responses to the Complaint's specific Paragraphs, set forth below.

## I.    INTRODUCTION

1.    Paragraph 1 contains Plaintiffs' characterizations of their lawsuit, to which no response is required. To the extent a response is required, Federal Defendants admit the allegations in Paragraph 1 to the extent they describe Plaintiffs' suit, but deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

2.    Paragraph 2 contains Plaintiffs' characterizations of their lawsuit, to which no response is required. Paragraph 2 also purports to characterize a permit approved on May 3, 2021 under the authority of Section 404 of the CWA (33 U.S.C. § 1344) and Section 10 of the Rivers and Harbors Act (33 U.S.C. § 403) allowing Moda Ingleside Oil Terminal, LLC ("Moda") to perform certain work associated with the Moda Ingleside Energy Center ("Moda Terminal") near the Corpus Christi Ship Channel (the "Permit"). The Permit speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit, they are denied.

3.    Federal Defendants admit the allegations in the first sentence in Paragraph 3. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentences in Paragraph 3 and deny them on that basis. The

allegations in footnote 1 purport to characterize and quote a March 2, 2021 online blog post, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the blog post, they are denied. Federal Defendants admit the allegations in the first clause of the third sentence in Paragraph 3, but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence in Paragraph 3 and deny them on that basis.

4.      Federal Defendants deny the Permit was granted on April 28, 2021 and aver that the Permit was approved on May 3, 2021 and went into effect on May 5, 2021. The remaining allegations in Paragraph 4 purport to characterize the Permit, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Permit, they are denied.

5.      Federal Defendants deny the allegations in Paragraph 5.

6.      The allegations in the first sentence of Paragraph 6 are Plaintiffs' characterizations of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied, including any allegation that Federal Defendants acted contrary to law. Federal Defendants deny the allegations in the second sentence in Paragraph 6.

## II.      JURISDICTION

7.      The allegations in Paragraph 7 are legal conclusions and statements about jurisdiction, to which no response is required. Federal Defendants deny that Plaintiffs are entitled to relief. To the extent a response is required, Federal Defendants deny the allegations.

### III.    VENUE

8.      Federal Defendants admit that the property where the proposed Moda Terminal expansion is to be located is within the Corpus Christi Division of the Southern District of Texas. The remaining allegations in Paragraph 8 are legal conclusions and statements about venue, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

### IV.    PARTIES

9.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and deny them on that basis.

10.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12.      Federal Defendants admit the allegations in the third sentence in Paragraph 12 that "[t]ens of thousands of artifacts have been found in and around the McGloin's Bluff Site, including pottery fragments, arrow points, tools, and fish and animal bones," but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 and deny them on that basis.

13.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14.      Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, fourth, fifth, sixth, seventh, and eighth sentences in Paragraph 20, as well as the first clause of the third sentence in Paragraph 20, and deny them on that basis. Federal Defendants admit the allegation that Ingleside on the Bay is a small city on the north shore of the Corpus Christi Bay. The allegations in the ninth sentence in Paragraph 20 are legal conclusions and Plaintiffs' standing, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

21.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in Paragraph 21 and deny them on that basis. Federal Defendants admit that Plaintiff IOBCWA submitted comments on March 9, 2020 in response to the Public Notice. The remaining allegations in the second sentence in Paragraph 21 purport to characterize Plaintiff IOBCWA's comments, which speak for themselves and are the

best evidence of their content. To the extent the allegations are inconsistent with the comments, they are denied.

22.     Federal Defendants deny the allegations in Paragraph 22.

23.     Federal Defendants admit the allegations in Paragraph 23.

24.     Federal Defendants admit the allegations in the first sentence in Paragraph 24 and admit the Corps headquarters is located at 441 G Street NW, Washington, D.C., 20314. The remaining allegations in the second sentence in Paragraph 24 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25.     Federal Defendants admit that Lieutenant General Scott A. Spellmon is the Chief of Engineers and Commanding General of the United States Army Corps of Engineers and may issue permits under the Clean Water Act (33 U.S.C. § 1344(d)) and Rivers and Harbors Act (33 U.S.C. § 403). The remaining allegations in the first sentence in Paragraph 25, particularly "designated to act for the Secretary of the Army" are too vague as to the particulars of the designation and actions subject to such designation and are denied on that basis. The allegation in the second sentence in Paragraph 25 contain Plaintiffs' characterizations of their case, to which no response is required. The allegations in the third sentence in Paragraph 25, particularly "personally responsible" and "any injunction," are vague as to the nature and scope of alleged responsibility and any potential injunction and are denied on that basis.

26.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 26.  The allegation in the second sentence in Paragraph 26 contain Plaintiffs' characterizations of their case, to which no response is required.

27.     Federal Defendants admit the allegations in the first and third sentences of Paragraph 27. The allegation in the second sentence in Paragraph 27 contain Plaintiffs' characterizations of their case, to which no response is required.

## V.     RELEVANT LEGAL AUTHORITY

28.     The allegations in Paragraph 28 purport to characterize and quote from the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370m ("NEPA") and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied. The allegations in the first sentence of footnote 2 purport to characterize a federal register notice, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal register notice, they are denied. The allegations in the second sentence of footnote 2 contain Plaintiffs' characterizations of their lawsuit and characterizations of filings in other federal litigation, as well as legal conclusions, which require no response. To the extent the allegations are inconsistent with these sources, they are denied. The allegations in the third sentence of footnote 2 contain Plaintiffs' characterizations of a Supreme Court opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

29.     The allegations in Paragraph 29 purport to characterize and quote from judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the opinions cited, they are denied.

30.     The allegations in Paragraph 30 purport to characterize and quote from NEPA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with NEPA, they are denied.

31.     The allegations in Paragraph 31 purport to characterize and quote from NEPA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with NEPA, they are denied.

32.     The allegations in Paragraph 32 purport to characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

33.     The allegations in Paragraph 33 purport to characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

34.     The allegations in Paragraph 34 purport to characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

35.     The allegations in Paragraph 35 purport to characterize a judicial opinion and a regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

36.     The allegations in Paragraph 36 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

37.     The allegations in Paragraph 37 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

38.     The allegations in Paragraph 38 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

39.     The allegations in Paragraph 39 purport to characterize and quote from regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

40.     The allegations in Paragraph 40 purport to characterize and quote from a judicial opinion and regulations, which speak for themselves and are the best evidence of their contents, and contain legal conclusions, to which no response is required. To the extent the allegations are inconsistent with these sources, they are denied.

41.     The allegations in Paragraph 41 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

42.     The allegations in Paragraph 42 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

43.     The allegations in Paragraph 43 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

44.     The allegations in Paragraph 44 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

45.     The allegations in Paragraph 45 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content, and are legal conclusions, to which no response is required. To the extent the allegations are inconsistent with the cited regulation, they are denied.

46.     The allegations in Paragraph 46 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

47.     The allegations in Paragraph 47 purport to characterize a judicial opinion and a regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

48.     The allegations in Paragraph 48 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited opinions, they are denied.

49.     The allegations in Paragraph 49 purport to characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

50.     The allegations in Paragraph 50 purport to characterize and quote from regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

51.     The allegations in Paragraph 51 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

52.     The allegations in Paragraph 52 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

53.     The allegations in Paragraph 53 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

54.     The allegations in Paragraph 54 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

55.     The allegations in Paragraph 55 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

56.     The allegations in Paragraph 56 purport to characterize and quote from the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the CWA, they are denied.

57.     The allegations in Paragraph 57 purport to characterize and quote from the CWA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the CWA, they are denied.

58.     The allegations in Paragraph 58 purport to characterize and quote from the CWA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the CWA, they are denied.

59.     The allegations in Paragraph 59 purport to characterize and quote from the CWA and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

60.     The allegations in Paragraph 60 purport to characterize the CWA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the CWA, they are denied.

61.     The allegations in Paragraph 61 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

62.     The allegations in Paragraph 62 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited opinions, they are denied.

63.     The allegations in Paragraph 63 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

64.     The allegations in Paragraph 64 purport to characterize and quote from regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

65.     The allegations in Paragraph 65 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

66.     The allegations in Paragraph 66 purport to characterize a judicial opinion and regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

67.     The allegations in Paragraph 67 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

68.     The allegations in Paragraph 68 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

69.     The allegations in Paragraph 69 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

70.     The allegations in Paragraph 70 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

71.     The allegations in Paragraph 71 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

72.     The allegations in Paragraph 72 purport to characterize regulations and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

## VI.    FACTUAL ALLEGATIONS

73.     Federal Defendants admit the allegations in Paragraph 73.

74.     Federal Defendants admit that Moda withdrew its application, but deny the remaining allegations in Paragraph 74.

75.     Federal Defendants admit that Moda sought to reinstate its permit application on September 11, 2020 and that the Alternatives Analysis was revised in part in response to comments. The remaining allegations in Paragraph 75 purport to characterize Moda's submission, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the September 11, 2020 submission, they are denied.

76.     Federal Defendants admit the allegations in Paragraph 76.

77.     Federal Defendants admit the allegations in Paragraph 77.

78.     Federal Defendants admit the allegations in Paragraph 78.

79.     Federal Defendants admit the allegations in Paragraph 79.

80.     Federal Defendants admit the allegations in Paragraph 80 and admit that the image following Paragraph 80 appears in Moda's 12-Step Mitigation Plan revised March 29, 2021, which plan is included as a condition of the Permit.

81.     Federal Defendants admit that the Corps prepared an Environmental Assessment and Statement of Findings ("EA") and issued Moda the Permit for activities within the Moda Terminal. The allegation in the last clause of Paragraph 81 purports to characterize the Permit, which speaks for itself and is the best evidence of its contents. To the extent the allegations  are inconsistent with the Permit, they are denied. Federal Defendants deny the remaining allegations in Paragraph 81.

82.     The allegations in the first sentence in Paragraph 82 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the EA, they are denied. The allegations in the second clause

of the second sentence in Paragraph 82 purport to characterize Moda's permit application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Moda's application, they are denied. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 82, and deny them on that basis.

83.     Federal Defendants admit that the Corps received comments from members of the public and State and Federal agencies. Federal Defendants deny the remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 purport to characterize Federal and State agency comments and the EA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

85.     Federal Defendants deny the allegations in the first sentence in Paragraph 85. The remaining allegations in Paragraph 85, particularly references to "the area" and "[a]rcheological reports," are vague as to the particular area and archeological reports referenced and Federal Defendants deny the allegations on that basis.

86.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in the first, third, and fourth sentences, and the first clause of the second sentence, in Paragraph 86 and deny them on that basis. The allegations in the second clause in the second sentence in Paragraph 86, particularly "archaeological findings," are vague as to the particular findings referenced, and Federal Defendants deny them on that basis.

87.     Federal Defendants admit that it did not include local indigenous groups, including Plaintiff Karankawa Kadla Tribe of the Texas Gulf Coast, as consulting parties under

36 C.F.R. § 800.2(c)(5). Federal Defendants deny the remaining allegations in Paragraph 87 and deny any violation of law.

88.     Federal Defendants deny the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

90.     The allegations in Paragraph 90 contain characterizations of Plaintiffs' complaint, to which no response is required. To the extent a response is required, Federal Defendants admit the allegations to the extent they describe Plaintiffs' suit, but deny any violation of law.

## VII.    CAUSES OF ACTION

91.     Federal Defendants incorporate by reference their answers to Paragraphs 1 through 90 as fully set forth herein.

### Claim for Relief No. 1[1]

92.     The allegations in Paragraph 92 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that the Corps undertook NEPA review in considering Moda's application for dredging activities under Section 404 of the CWA. Federal Defendants deny the remaining allegations in Paragraph 92.

93.     The allegations in the first sentence in Paragraph 93 purport to characterize Moda's permit application, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with Moda's permit application, they are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 93.

---

[1] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

94.    Federal Defendants deny the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 purport to characterize and quote from NEPA, regulations, and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

96.    The allegations in Paragraph 96 purport to characterize and quote from regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

97.    The allegations in Paragraph 97 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

98.    The allegations in Paragraph 98 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

99.    Federal Defendants deny the allegations in Paragraph 99.

100.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 100 and deny them on that basis.

101.    Federal Defendants admit the allegations in Paragraph 101.

102.    Federal Defendants deny the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 purport to characterize a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

104.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations in the first and second sentences in Paragraph 104 and deny them on that

basis. The allegations in the third sentence in Paragraph 104 purport to characterize the permit application, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the application, they are denied.

105.    Federal Defendants deny the allegations in the first, third, and fifth sentences of Paragraph 105.  The allegations in the second sentence in Paragraph 105 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied. To the extent a response is required, Federal Defendants deny the allegations and deny any legal violation. The allegations in the fourth sentence in Paragraph 105 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

106.    Federal Defendants deny the allegations in Paragraph 106.

## Claim for Relief No. 2[2]

107.    Federal Defendants deny the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 purport to characterize and quote from a statute, regulation, and judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

109.    The allegations in Paragraph 109 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

110.    Federal Defendants deny the allegations in Paragraph 110.

---

[2] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

111.    Federal Defendants deny the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 purport to characterize Plaintiff IOBCWA's comments, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the comments, they are denied.

113.    The allegations in Paragraph 113 purport to characterize and quote from a letter from Plaintiff IOBCWA to the Corps, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the letter, they are denied.

114.    The allegations in Paragraph 114 purport to characterize and quote from Texas Parks and Wildlife Department comments, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the comments, they are denied.

115.    The allegations in Paragraph 115 purport to characterize and quote from U.S. Fish and Wildlife Service comments, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the comments, they are denied.

116.    The allegations in Paragraph 116 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.  Federal Defendants deny that the Corps failed to comply with NEPA.

117.    The allegations in the first sentence in Paragraph 117 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any legal violation. The allegations in the second and third sentences in Paragraph 117 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited

opinion, they are denied. Federal Defendants deny the allegations in the fourth sentence in Paragraph 117.

118.     Federal Defendants deny the allegations in Paragraph 118.

119.     The allegations in Paragraph 119 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.  Federal Defendants deny that the Corps failed to comply with NEPA.

120.     The allegations in Paragraph 120 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.  Federal Defendants deny that the Corps failed to comply with NEPA.

121.     The allegations in Paragraph 121 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied. Federal Defendants deny that the Corps failed to comply with NEPA.

122.     Federal Defendants deny the allegations in Paragraph 122.

123.     Federal Defendants deny the allegations in Paragraph 123.

124.     Federal Defendants deny the allegations in Paragraph 124.

125.     Federal Defendants deny the allegations in Paragraph 125.

126.     Federal Defendants deny the allegations in the first sentence in Paragraph 126. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 126 and deny them on that basis.

127.     Federal Defendants deny the allegations in Paragraph 127.

128.     Federal Defendants deny the allegations in the first sentence in Paragraph 128. The allegations in the second sentence in Paragraph 128 purport to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied. Federal Defendants deny any violation of NEPA.

129.     The allegations in Paragraph 129 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

130.     Federal Defendants deny the allegations in Paragraph 130.

131.     The allegations in Paragraph 131 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

132.     The allegations in Paragraph 132 purport to characterize the EA and public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied. Federal Defendants deny any violation of NEPA.

133.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, and sixth sentences in Paragraph 133 and deny them on that basis. The allegations in the fifth sentence in Paragraph 133 purport to characterize unidentified photos attached to public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the unidentified photos, they are denied.

134.     The allegations in the first sentence in Paragraph 134 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its content. To the extent

the allegations are inconsistent with the EA, they are denied. Federal Defendants deny the allegations in the second sentence in Paragraph 134.

**Claim for Relief No. 3**[3]

135.    The allegations in Paragraph 135 purport to characterize and quote from regulations and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations and opinion, they are denied.

136.    The allegations in Paragraph 136 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the regulation, they are denied.

137.    The allegations in Paragraph 137 purport to characterize and quote from judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the opinions cited, they are denied.

138.    Federal Defendants deny the allegations in Paragraph 138.

139.    The allegations in the first sentence in Paragraph 139 purport to characterize and quote from Moda's permit application, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the application, they are denied. Federal Defendants deny the allegations in the second sentence in Paragraph 139.

140.    Federal Defendants deny the allegations in the first and third sentences in Paragraph 140. The allegations in the second sentence in Paragraph 140 purports to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the

---

[3] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

allegations are inconsistent with the EA, they are denied. Federal Defendants deny the Corps violated NEPA and the CWA.

### Claim for Relief No. 4[4]

141.     The allegations in Paragraph 141 purport to characterize and quote from a statute and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited statute and regulations, they are denied.

142.     The allegations in Paragraph 142 purport to characterize and quote from a regulation and judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

143.     The allegations in Paragraph 143 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

144.     The allegations in Paragraph 144 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the regulation, they are denied.

145.     The allegations in the first sentence in Paragraph 145 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that NEPA requires agencies to assess reasonable alternatives, but deny the remaining allegations in the first sentence in Paragraph 145. Federal Defendants deny the allegations in the second sentence in Paragraph 145. The allegations in the third sentence in Paragraph 145, particularly

---

[4] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

"[d]evelopment in the East Basin," are vague as to the nature and extent of such "development" and are denied on that basis.

146.    The allegations in Paragraph 146 purport to characterize and quote from U.S. Fish and Wildlife Service, Texas Parks and Wildlife Department, and unidentified public comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the comments, they are denied.

147.    The allegations in Paragraph 147 purport to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

148.    The allegations in Paragraph 148 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any legal violation. The allegations in Paragraph 148 also purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

149.    Federal Defendants deny the allegations in Paragraph 149.

150.    Federal Defendants deny the allegations in Paragraph 150.

**Claim for Relief No. 5**[5]

151.    Federal Defendants deny the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 purport to characterize and quote from statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

---

[5] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

153.     The allegations in Paragraph 153 purport to characterize and quote from regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited regulations, they are denied.

154.     The allegations in Paragraph 154 purport to characterize regulations, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

155.     The allegations in Paragraph 155 purport to characterize regulations and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

156.     The allegations in Paragraph 156 purport to characterize and quote from a judicial opinion and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

157.     Federal Defendants deny the allegations in in Paragraph 157.

158.     Federal Defendants deny the allegations in Paragraph 158.

159.     Federal Defendants deny the allegations in the first sentence in Paragraph 159. The allegations in the second sentence in Paragraph 159 purport to characterize and quote from comments from TCEQ, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the comments, they are denied.

160.     The allegations in Paragraph 160 purport to characterize and quote from comments from U.S. Fish and Wildlife Service, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the comments, they are denied.

161.     The allegations in the first and second sentence in Paragraph 161 purport to characterize and quote from the EA, which speaks for itself and is the best evidence of its

content. To the extent the allegations are inconsistent with the EA, they are denied. Federal Defendants deny the allegations in the third sentence in Paragraph 161.

162.    Federal Defendants deny the allegations in Paragraph 162.

**Claim for Relief No. 6**[6]

163.    The allegations in Paragraph 163 purport to characterize a judicial opinion and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

164.    The allegations in Paragraph 164 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

165.    The allegations in Paragraph 165 purport to characterize and quote from a regulation, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited regulation, they are denied.

166.    The allegations in Paragraph 166 purport to characterize and quote from a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

167.    The allegations in Paragraph 167 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

168.    Federal Defendants deny the allegations in Paragraph 168.

---

[6] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

169.     The allegations in Paragraph 169 purport to characterize and quote from the Corps' EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

170.     Federal Defendants admit that the temporal scope for the cumulative impacts assessment spanned five years in the past and five years in the future, but deny the remaining allegations in Paragraph 170.

171.     The allegations in Paragraph 171 purport to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

172.     The allegations in the first sentence in Paragraph 172 purport to characterize the Corps' EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied. Federal Defendants deny the allegations in the second sentence in Paragraph 172.

173.     The allegations in Paragraph 173 purport to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

174.     Federal Defendants deny the allegations in Paragraph 174.

**Claim for Relief No. 7**[7]

175.     The allegations in Paragraph 175 purport to characterize NEPA and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these sources, they are denied.

---

[7] The portion of this heading in the Complaint omitted here constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegations in the heading are denied.

176.     The allegations in Paragraph 176 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied.

177.     The allegations in the first sentence in Paragraph 177 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the cited opinion, they are denied. The allegations in the second sentence in Paragraph 177, particularly "more well-established in the past decade," are too vague to permit Federal Defendants to frame a response and are denied on that basis.

178.     Federal Defendants admit "that fossil fuel production, transportation, and combustion play a central role in climate change." The remaining allegations in the first sentence in Paragraph 178, particularly "well established," are vague as to the particulars of the establishment of these facts, and are denied on that basis. The allegations in the second, third, and fourth sentence in Paragraph 178 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited opinions, they are denied.

179.     The allegations in Paragraph 179 purport to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the EA, they are denied.

180.     Federal Defendants deny the allegations in Paragraph 180.

181.     Federal Defendants deny the allegations in Paragraph 181.

182.     Federal Defendants deny the allegations in Paragraph 182.

## VIII.   PLAINTIFFS' CLAIMS FOR RELIEF

The remaining paragraphs in Plaintiffs' Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Plaintiffs' prayer for relief and deny that Plaintiffs are entitled to any relief in this case.

Respectfully submitted this 4th day of October, 2021

TODD KIM
ASSISTANT ATTORNEY GENERAL
United States Department of Justice
Environment and Natural Resources Division

/s/ Jacob Ecker
JACOB D. ECKER, Attorney-in-charge
–Bar. No. 24097643
–S.D. Tex. Bar No. 2774224
ELLIOT HIGGINS
–NY Bar No. 5737903
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0466 (Ecker)
(202) 372-0321 (Higgins)
jacob.ecker@usdoj.gov
elliot.higgins@usdoj.gov

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

LANDER B. BAIAMONTE
Assistant United States Attorney
Southern District of Texas No: 3312493
Texas State Bar No: 24103831
800 N. Shoreline Blvd., Suite 500

One Shoreline Plaza
Corpus Christi, TX 78401
Tel. (361) 888-3111   Fax (361) 888-3200
lander.baiamonte@usdoj.gov

Overnight Deliveries:
150 M Street NE, Room 2.900
Washington, DC 20002