United States District Court
Southern District of Texas
ENTERED
September 07, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

**INDIGENOUS PEOPLES OF THE COASTAL BEND; KARANKAWA KADLA TRIBE OF THE TEXAS GULF COAST; and INGLESIDE ON THE BAY COASTAL WATCH ASSOCIATION,**

**Plaintiffs,**

**v.**

**UNITED STATES ARMY CORPS OF ENGINEERS; LIEUTENANT GENERAL SCOTT A. SPELLMON in his official capacity; BRIGADIER GENERAL CHRISTOPHER G. BECK in his official capacity; and COLONEL TIMOTHY R. VAIL in his official capacity,**

**Defendants,**

**and**

**ENBRIDGE INGLESIDE OIL TERMINAL, LLC,**

**Intervenor-Defendant.**

**Civil Action No. 2:21-CV-00161**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Indigenous Peoples of the Coastal Bend, Karankawa Kadla Tribe of the Texas Gulf Coast, and Ingleside on the Bay Coastal Watch Association (hereinafter collectively "I/K/I") are suing Defendants United States Army Corps of Engineers, Lieutenant General Scott A. Spellmon, in his official capacity, Brigadier General Christopher G. Beck, in his official capacity, and Colonel Timothy R. Vail, in his official capacity (hereinafter collectively "Federal Defendants") and Enbridge Ingleside Oil

Terminal, LLC ("Enbridge") (hereinafter collectively "Defendants") to halt the expansion of the Enbridge Ingleside Oil Terminal in Corpus Christi Bay. I/K/I allege that the Federal Defendants failed to comply with the National Environmental Policy Act ("NEPA") and the Clean Water Act when they issued a dredge and fill permit to Enbridge. (Dkt. No. 52 at 8, 12). Suing under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, I/K/I seek vacatur of the permit as arbitrary, capricious, and contrary to law and remand to the Army Corps of Engineers. (*Id*. at 47).

Pending before the Court is I/K/I's Motion to Permit Extra-Record Evidence and Take Judicial Notice of Relevant Facts (the "Motion"). (Dkt. No. 43). The Federal Defendants and Enbridge responded, (Dkt. Nos. 44–45), and I/K/I replied, (Dkt. No. 47).

The APA directs courts to "hold unlawful and set aside" agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The APA's arbitrary-and-capricious standard requires that agency action be reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, ___ U.S. ____, ____, 141 S.Ct. 1150, 1158, 209 L.Ed.2d 287 (2021). This standard is "deferential." *Id.* The Court must "not substitute its own policy judgment for that of the agency." *Id.* But the Court must also ensure "that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *Id.*

Agency action is arbitrary and capricious

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for

> its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983). Indeed, the agency action must rise or fall on the reasons the agency gave when it acted. Commonly known as the "record rule," evaluation of an agency's action is generally confined to the administrative record alone. *See Medina Cnty. Envir. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). Absent this rule, "there would be little hope that the administrative process could ever be consummated in an order that would not be subject to reopening." *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 555, 98 S.Ct. 1197, 1217, 55 L.Ed.2d 460 (1978).

The Fifth Circuit has identified three situations in which a court may consider extra-record evidence in its examination of agency action:

> 1. the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
>
> 2. the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> 3. the agency failed to explain administrative action so as to frustrate judicial review.

*Medina,* 602 F.3d at 706. But supplementing the administrative record is only allowed in "unusual circumstances," and the burden is on the moving party to overcome "the

general presumption that review is limited to the record compiled by the agency." *Medina*, 602 F.3d at 706.

I/K/I ask the Court to consider nine pieces of evidence and to take judicial notice of other information, all of which is outside of the administrative record. (Dkt. No. 43 at 2–3). I/K/I argue that the extra-record evidence and information are necessary for them to establish that they have standing, (*id.* at 6), that the Fifth Circuit generally permits the use of extra-record evidence in NEPA cases, (*id*. at 3–6), and that consideration of extra-record evidence is necessary under the second *Medina* situation, (*id.* at 6–10).[1] *See Medina*, 602 F.3d at 706. I/K/I do not argue for supplementation of the record under the first or third *Medina* situations. *See* (Dkt. No. 43 at 6–14); *Medina*, 602 F.3d at 706.

The Federal Defendants and Enbridge respond that the "record rule" does not apply to the standing inquiry, (Dkt. No. 44 at 6 n.1), and that they have no objection to the use of extra-record evidence for that basis. (Dkt. No. 45 at 12). But they also argue that there is no general NEPA exception to the record rule, (Dkt. No. 44 at 12–13); (Dkt. No. 45 at 8–9), and that the second *Medina* situation is not satisfied, (Dkt. No. 44 at 13–18); (Dkt. No. 45 at 7–8). Enbridge further asserts that I/K/I conflate *supplementing* the record with *permitting extra-record evidence*, (Dkt. No. 45 at 9–10), and that I/K/I have forfeited the consideration of the extra-record evidence by not submitting it during the notice-and-comment period, (*id.* at 10–12).

---

[1] *See also* (Dkt. No. 52 at 18–19) (I/K/I's motion for summary judgment); (Dkt. No. 55 at 32-33) (I/K/I's response to the Federal Defendants' cross motion for summary judgment).

The thrust of this dispute is whether the undersigned needs to supplement the record with I/K/I's proffered evidence as necessary "background information" under the second prong of *Medina*, to determine whether the Army Corps of Engineers considered all the relevant factors when making its permitting decision. Having reviewed the proffered evidence and the relevant portions of the administrative record,[2] the Court concludes that it will carry the request and consider the propriety of the proposed extra-record evidence when addressing the merits of the summary judgment motions.

Accordingly, the Court **CONDITIONALLY GRANTS** I/K/I's Motion to Permit Extra-Record Evidence and Take Judicial Notice of Relevant Facts (Dkt. No. 43). However, because the use of extra-record evidence by the reviewing court should be limited to the purpose which justified a departure from the record rule, the Court retains the right to refuse to evaluate evidence if the Court ascertains it is being used for an improper purpose. Subject to that caveat, the Motion is **CONDITIONALLY GRANTED.**[3]

---

[2] The Court confined its review of the 1,627-page administrative record, (Dkt. No. 44 at 9), to the specific portions cited by the Parties. *See United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) ("Judges are not like pigs, hunting for truffles buried in the record.") I/K/I cited AR000114, AR000143, AR000145, AR000363–4, and AR000366. (Dkt. No. 43). The Federal Defendants cited AR000003–6, AR000101–54, AR000157–200, AR000268, AR000333–36, AR000475–80, AR000616–26, AR000634–37, AR000643–44, AR000659, AR000712, AR000843–901, AR000995–97, AR0001083, and AR0001440–42. (Dkt. No. 44). Enbridge cited AR000002–4, AR000006, AR00029–55, AR000101–54, AR000362–3, AR000366, AR000396–97, AR000642, AR000760, AR000764, and AR0001440–42. (Dkt. No. 45).

[3] I/K/I also request judicial notice of other information. (Dkt. No. 43 at 3). They do not seek to admit it into evidence. (*Id.* at 3 n.1). Rule 201 of the Federal Rules of Evidence allows for judicial notice only of adjudicative facts. "Adjudicative facts are simply the facts of the particular

(continue)

It is SO ORDERED.

Signed on September 6, 2022.

Drew B. Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

case." Advisory Committee Notes to Fed. R. Evid. 201(a). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is unclear how the record rule applies to judicially noticeable information. The Court also carries the request to take judicial notice.